STEVEN R. STOKER    154947
**PASCUZZI, PASCUZZI & STOKER**
**A Professional Corporation**
2377 West Shaw Avenue, Suite 101
Fresno, California 93711
Telephone:    (559) 227-1100
Facsimile:    (559) 227-1290
E-mail:    *sstoker@pascuzzi.net*

Attorneys for Defendant, Red One-AAK JV, LLC and Hartford Fire Insurance Company

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

*****

| | |
|---|---|
| United States, For the Use of FAR WEST INSULATION CONTRACTING<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA ENVIRONMENTAL SYSTEMS, INC., a corporation; RED ONE-AAK JV, LLC, a limited liability company; HARTFORD FIRE INSURANCE COMPANY, a corporation; and DOES 1 through 10 inclusive,<br><br>Defendants.<br><br>AND ALL RELATED CROSS-ACTIONS. | Case No. 2:21-CV-00307-MCE-AC<br><br>**STIPULATION TO EXTEND PRETRIAL SCHEDULING ORDER DATES AND ORDER THEREON**<br><br>Action Filed:  February 17, 2021<br>Trial Date:    None |

IT IS HEREBY STIPULATED by and between the parties hereto through their respective attorneys to the following in support of their request to the Court to modify the Pretrial Scheduling Order:

1.    The Complaint was filed on February 17, 2021. Subsequent to its filing, counsel have cooperatively and diligently developed this case for resolution, disposition or trial through discovery.

2.    This case centers around Defendant RED ONE-AAK JV, LLC (hereinafter "RED ONE") being awarded a contract by the United States of America, through

the US Army Corps of Engineers ("USACE").  RED ONE and Defendant HARTFORD FIRE INSURANCE COMPANY (hereinafter "Surety"), as surety, executed and delivered a Payment Bond, in the amount demanded by the USACE, guaranteeing the payment to all persons supplying labor and materials in the prosecution of the work provided for the contract, and any and all duly authorized modifications thereof.

3. On or about May 2019, RED ONE, as a general contractor, and CALIFORNIA ENVIORNMENTAL SYSTEMS ("CES") entered into a subcontract agreement for the provision of labor and materials for the Project.

4. Plaintiff FARWEST, as a subcontractor to CES, entered into a subcontract agreement with CES, whereby FARWEST agreed to provide certain labor services, materials and/or equipment for the work relating to the purchase and installation of insulation and all associated work related for the Project.

5. FARWEST alleges that CES breached its subcontract in that it failed and refused to pay FARWEST the balance of money owed for the work performed.

6. The court issued an Initial Pretrial Scheduling Order on February 18, 2021.

7. Subsequent to the issuance of the scheduling order, it was learned by counsel for RED ONE that The Department of Labor Wage & Hour Division had initiated an investigation of CES on a number of claims for failure to pay correct prevailing wages.

8. Counsel for RED ONE has been in contact with Brandon Nuess, Assistant District Director, U.S. Department of Labor, Wage & Hour Division, Sacramento District Office regarding the length of the investigation.

9. Counsel for RED ONE is informed by The Department of Labor, that the investigation is taking longer than anticipated due to the number of prime contracts involved and the challenges of aligning recordkeeping to ensure full credit is provided for monies in fact paid by CES. An amicable working agreement to achieve this is in place and nearing an important stage of completion.

      10.     CES and RED ONE are not able to move forward towards a settlement until the investigation by the Department of Labor is complete.

      11.     On September 26, 2022, the Court granted a nine-month extension, as requested on stipulation by the parties, of the pretrial scheduling order dates.

      12.     Counsel for RED ONE contacted the investigator with the Department of Labor and learned that the administrative action is still pending and that they have elevated the issues with RED ONE's involvement with CES but still need additional time to resolve.

      13.     Given the foregoing factual representations, the parties stipulate and request that the court modify the pretrial scheduling order by extending all deadlines contained therein by 180 days.

This document is being electronically filed through the Court's ECF System. In this regard, counsel for Defendants hereby attests that (1) the content of this document is acceptable to all persons required to sign the document; (2) Plaintiff's counsel has concurred with the filing of this document; and (3) a record supporting this concurrence is available for inspection or production if so ordered.

DATED: April____, 2023.                 PASCUZZI, PASCUZZI & STOKER

                                                                                            Steven R. Stoker
Attorneys for Defendants,
Red One-AAK JV, LLC and Hartford Fire Insurance Company

DATED: April_18_, 2023.                 CRAWFORD & BANGS, LLP

                                                          / S /
Theresa Crawford Tate
Attorneys for Plaintiff,
Farwest Insulation Contracting

PASCUZZI, PASCUZZI & STOKER
2377 West Shaw Avenue, Suite 101
Fresno, California 93711

DATED: April____, 2023.                                  PORTER LAW GROUP, INC

_____
Jason A. Rose
Attorneys for Defendant,
California Environmental Systems, Inc.

## **ORDER**

The Court, having considered the parties' stipulation and good cause appearing, GRANTS the stipulation and modifies the pretrial scheduling order as follows: All deadlines contained within the pretrial scheduling order are extended by 180 days.

IT IS SO ORDERED.

Dated: April 24, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE